[Cite as *Thompson v. Mercy Health*, 2026-Ohio-2845.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

MELANIE MESHEL THOMPSON, INDIVIDUAL
CAPACITY & AS REPRESENTATIVE OF
ESTATE OF BARRY LAZICH ALLISON
FKA MESHEL,

Plaintiff-Appellant,

v.

MERCY HEALTH DBA ST. ELIZABETH
HOSPITAL et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No.  25 MA 0029

---

Application for Reconsideration

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Percy Squire*, Percy Squire Co., LLC, for Plaintiff-Appellant and

*Atty. Marshall D. Buck*, *Atty. Thomas J. Wilson,* Comstock, Springer, & Wilson Co. L.P.A., for Appellee, Mercy Health dba St. Elizabeth Hospital and *Atty. Emily K. Anglewicz, Atty. Stephen W. Funk, Atty. Megan M. Millich,* Roetzel & Andress, LPA, for Appellee, Eugene Potesta, Jr., M.D.

**Dated: July 17, 2026**

**PER CURIAM.**

{¶1} Melanie Meshel Thompson seeks reconsideration of our judgment and opinion issued March 30, 2026 in *Thompson v. Mercy Health*, 2026-Ohio-1183 (7th Dist.). Mercy Health dba St. Elizabeth Hosptial et al. opposes. For the following reasons, the application is denied.

{¶2} App.R. 26(A)(1) permits a party to file an application for reconsideration after an appeal. Our review is dictated by caselaw since the rule does not provide guidelines to be used by a court assessing the merits of a reconsideration.

{¶3} An application for reconsideration "is not designed for use in instances where a party simply disagrees with the logic or conclusions of the court." *State v. Burke*, 2006-Ohio-1026, ¶ 2 (10th Dist.), citing *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1996). Moreover, an application for reconsideration does not permit the applicant to raise new arguments or issues for review that were not raised on appeal. *State v. Wellington*, 2015-Ohio-2095, ¶ 9 (7th Dist.).

{¶4} The test generally applied to reconsiderations is whether the applicant identifies "an obvious error in [the] decision or raises an issue for our consideration that was either not considered at all or was not fully considered by us when it should have been." *Electronic Classroom of Tomorrow v. State Bd. of Edn*, 2019-Ohio-1540, ¶ 3 (10th Dist.), *aff'd sub nom. Electronic Classroom of Tomorrow v. State Bd. of Edn*, 2021-Ohio-3445; *State v. Carosiello*, 2018-Ohio-860, ¶ 12 (7th Dist.).

{¶5} Thompson asks this court to "reconsider in its entirety" the merits of her first, third, and fourth assignments of error. To the extent Thompson urges us to generally reconsider her assignments of error, we decline to do so since this is not an appropriate argument for an App.R. 26(A)(1) application.

{¶6} Nevertheless, we consider Thompson's specific contentions raised in her application for reconsideration in the order each is raised. First, Thompson alleges defense counsel continued to assert objections as to Dr. Wenig's competence during his testimony and alleged failure to comply with Evid.R. 601, and these interruptions "introduced irregularity in the proceeding" causing an "adverse and prejudicial spectacle in the eyes of the jury."

**{¶7}** We disagree.  The trial court allowed Dr. Wenig to offer his expert medical opinion as to whether Dr. Potesta met the applicable standard of care.  *Id*. at ¶ 52. Defense objections to his qualifications to testify were overruled.  We also found Dr. Wenig's testimony was not limited at trial.  Yet, Thompson failed to come forward with expert testimony establishing the proximate cause of the decedent's death.  *Id.* at ¶ 73.

**{¶8}** Because this is neither an obvious error in our decision or an issue that was not considered at all or was not fully considered by us when it should have been, reconsideration is not warranted on this basis.  *Sutherly v. Theaker*, 2026-Ohio-444, ¶ 6 (7th Dist.) (declining to address reiteration of arguments raised on appeal advanced in an application for reconsideration).

**{¶9}** Second, Thompson contends we erroneously stated in our opinion that she filed her motion for a mistrial *after* the motion for a directed verdict was sought.  To the contrary, Thompson contends her motion was orally made at the close of her case in chief on April 2, 2025, and also filed via written motion filed April 3, 2023—not after the trial court's ruling on the directed verdict.  Thompson additionally claims the trial court improperly granted the defense motion in limine regarding Dr. Wenig's testimony.

**{¶10}** The hospital counters that the timing of Thompson's motion for a mistrial is irrelevant to disposition.  The hospital likewise argues Thompson's assertion that her counsel orally moved for a mistrial is misleading.  Instead, the hospital states Thompson's attorney indicated he was going to file a motion for a mistrial; he did not orally move for a mistrial.  The hospital argues the plaintiff's only motion for a mistrial was filed at 1:30 a.m. on April 3, 2025.

**{¶11}** As the hospital contends, we extensively examined Thompson's arguments about the trial court's ruling on Thompson's motion for a mistrial and the defense motions in limine in our decision.  *Id*. at ¶ 21-40.  Further, upon reviewing Thompson's argument that the trial court erred by granting a directed verdict against her, we found no abuse of discretion and explained:  "The trial court granted a directed verdict in the hospital and Potesta's favor due to the lack of expert testimony establishing the proximate cause of the decedent's death. Absent this necessary element, Thompson's causes of action fail as a matter of law."  *Id.* at ¶ 73.

{¶12} We further found the court's motion in limine ruling was preliminary. And notwithstanding the ruling, Dr. Wenig's testimony was not limited at trial. There was likewise no proffer of evidence or testimony allegedly excluded.

{¶13} Next, Thompson urges us to conclude that Dr. Wenig's report was timely presented to the defendants, and as such, Dr. Potesta's claim he did not receive it was false. Thompson also argues this report contains the necessary testimony as to the standard of care and violation by the defendants. This is a restatement of her argument on appeal. We found the trial court did not exclude or otherwise limit Dr. Wenig's testimony at trial, regardless of the trial court's decision indicating it was granting the motion in limine in part. *Id*. ¶ 39.

{¶14} Because Thompson does not identify an obvious error in our decision or raise an issue we either did not consider or that we did not fully consider, her application for reconsideration is denied.

Hanni, J., dissents with dissenting opinion.

{¶15} In keeping with my dissent in this case, I dissent from the majority opinion denying Appellant's application for reconsideration. While I agree with the majority that the trial court did not limit Dr. Wenig's testimony at trial, I would find that Dr. Wenig did provide expert testimony establishing the proximate cause of decedent's death.

{¶16} Again, applying a de novo review, and construing the evidence most strongly in favor of Appellant, I would find that Dr. Wenig was not required to state the "specific cause of death." He opined that Dr. Potesta violated the standard of care by performing an unnecessary procedure on a high risk patient under general anesthesia without observing him overnight and this more likely than not caused Mr. Allison's death. (Trial Tr. 76-77).

{¶17} Accordingly, I would grant Appellant's application for reconsideration.

**JUDGE CAROL ANN ROBB**

**Dissents with dissenting opinion**
**JUDGE MARK A. HANNI**

**JUDGE KATELYN DICKEY**

<u>NOTICE TO COUNSEL</u>

This document constitutes a final judgment entry.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

<u>Case No. 25 MA 0029</u>